## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION, 1998

FILED

May 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
    ) No. 02C01-9708-CR-00323
  Appellee )
    ) SHELBY COUNTY
vs.   )
    ) Hon. Bernie Weinman, Judge
MICHAEL W. WASSON, )
    ) (Attempt to Commit
  Appellant ) Aggravated Sexual Battery)


For the Appellant:

**Ballin, Ballin & Fishman, P.C.**
Marvin E. Ballin
Mark A. Mesler
200 Jefferson Avenue
Suite 1250
Memphis, TN 38103

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Georgia Blythe Felner**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**William L. Gibbons**
District Attorney General

**Thomas Hoover**
Asst. District Attorney General
Criminal Justice Complex
Suite 301, 201 Poplar Street
Memphis, TN 38103


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## O P I N I O N

The appellant, Michael W. Wasson, appeals the sentencing decision of the Shelby County Criminal Court following his guilty plea to the offense of attempt to commit aggravated sexual battery, a class C felony.[1]  Pursuant to a negotiated plea, the appellant received a sentence of five years as a range I offender and a fine of $500.  The manner of service of the sentence was submitted to the trial court for determination.  Following a sentencing hearing, the trial court imposed a sentence of confinement in the Shelby County Correction Center.  The appellant appeals this decision, arguing that he is entitled to a sentence of total probation.[2]

After a review of the record, we affirm.

### Background

The proof stipulated to, at the sentencing hearing, established that on the dates of June 25, 26 and 27, 1996, the appellant's seven year old niece, D.F., visited at the home of the appellant.[3]  At some point during these visits, the appellant's wife went to the attic and saw the appellant "touching [D.F], rubbing her, kissing her on the cheek."  She immediately confronted the appellant; he replied that "nothing" had happened.  The police were called. D.F. stated to the police that the appellant had pulled down both his pants and her panties.  He then rubbed his penis against her stomach.  D.F. further informed the police that this had occurred on at least three prior occasions.

On the date of the hearing, the appellant was forty-one years old, married,

---

[1]The indictment returned by the grand jury charged the crime of aggravated sexual battery.

[2]The appellant's issue is framed as whether the trial court erred by refusing to suspend his sentence.  We interpret this to mean total probation.

[3]It is the policy of this court to identify minor children by their initials.  See State v. Schimpf, 782 S.W.2d 186, 188 n.1 (Tenn.Crim.App. 1989).

had no prior criminal history, and possessed a stable work history as a maintenance worker.  He was financially responsible for the welfare of his wife and three step-children, and was current in support of his son by a previous marriage.  The proof also shows that, immediately following this offense, the appellant sought and was continuing to receive psychological counseling for "anxiety, depression, and sexual urges."  He expressed remorse for his actions and had apologized to both the victim and her family.   The trial court in denying probation relied, in large part, upon the nature and circumstances of the criminal conduct committed by the appellant.

## Analysis

In his only issue, the appellant contends that the trial court erred by imposing a sentence of total incarceration.  The appellant argues that his sentence should have been "suspended."[4]  When the manner of service of a sentence is challenged on appeal, this court must conduct a *de novo* review with consideration of the evidence received at the sentencing hearing, the presentence report, the principles of sentencing and arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct involved, any statutory mitigating or enhancement factors, any statement that the defendant made on his own behalf, and the potential or lack of potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102 (1996 Supp.); 40-35-103 (1990);40-35-210 (1996 Supp.).   Although a *de novo* review is conducted by this court, the trial court's determination is presumed correct on appeal, conditioned upon an affirmative showing in the record that the trial court properly considered relevant sentencing principles.  Tenn. Code Ann. § 40-35-401(d)(1990); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper.  See Sentencing Commission Comments, Tenn. Code

---

[4]We note that our review on appeal is limited to the narrow question of whether the trial court erred in denying a sentence of total probation.  Accordingly, this review does not encompass other sentencing alternatives because they were not included within the appellant's assigned issue nor argued by counsel on appeal.

Ann. § 40-35-401(d).

The appellant correctly argues that because he was convicted as a standard offender of a class C felony, he is statutorily eligible for probation. See Tenn. Code Ann. § 40-35-303(a) (1996 Supp.). However, the fact that the appellant is eligible for probation does not mean that probation should automatically be granted. While the burden is upon the State to show a defendant's non-entitlement to the statutory presumption of an alternative sentence, the defendant has the burden of establishing suitability for full probation. See Tenn. Code Ann. § 40-35-303(b). See also State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995) (citation omitted). To meet his burden, the appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." Id. at 448. The following factors are relevant to the sentencing court's determination:

> (1) the nature and circumstances of the conduct involved, Tenn. Code Ann. § 40-35-210(b)(4);
>
> (2) the defendant's potential or lack of potential for rehabilitation, Tenn. Code Ann. § 40-35-103(5);
>
> (3) whether a sentence of probation will unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B); and
>
> (4) whether a sentence other than probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(B).

See Bingham, 910 S.W.2d at 456.

In addition to the above enumerated considerations, release into the community of an offender who has committed a crime against the person, especially in a case involving the sexual molestation of a minor, necessarily requires a determination by the sentencing court as to whether (1) the offender poses no harm to the community and (2) that the offender is not likely to reoffend. The record reveals that the appellant is currently receiving psychological counseling for his "sexual urges." Beyond this fact, the record is silent as to whether the appellant's

4

aberrational behavior poses a danger to the public in general or whether there exists the possibility that he may reoffend the victim in this case. In seeking total probation, the appellant bears the responsibility of negating potential harm to the community; these questions being relevant to the issue of rehabilitation. See Tenn. Code Ann. § 40-35-103(5).

Additionally, the record indicates that the appellant has committed similar unlawful acts with the victim on at least three other occasions. This fact alone is sufficient to deny alternative sentencing. See State v. Matthews, No. 03C01-9505-CR-00153 (Tenn. Crim. App. at Knoxville, May 1, 1996) (affirming trial court's denial of alternative sentence based upon defendant's numerous incidents of unprosecuted unlawful sexual contact). In reflecting upon the appellant's conduct and the nature of the offense, it is apparent that the trial court implicitly concluded that confinement was necessary to avoid depreciating the seriousness of the offense. Tenn. Code Ann. § 40-35-103(1)(B). Finally, the trial court found that a sentence other than probation would provide a deterrent to others likely to commit similar crimes stating that "we cannot in any way give the impression that we have any tolerance to some types of crimes. . . . And I think this is one of them." See Tenn. Code Ann. § 40-35-103(1)(B).

After *de novo* review of the above principles of sentencing and the nature and circumstances of the facts of this case, we conclude that the appellant has failed to establish his suitability for total probation.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____(Not Participating)_____
WILLIAM M. BARKER, Judge


_____
JOE G. RILEY, Judge

6