# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1998

FILED

September 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9706-CC-00220 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | ANDERSON COUNTY |
| VS. | ) | |
| | ) | HON. JAMES B. SCOTT, JR. |
| JOSEPH J. BROOKS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Denial) |

FOR THE APPELLANT:

NANCY MEYER
Office of the Public Defender
101 South Main Street
Suite 450
Clinton, TN 37716

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

JAMES N. RAMSEY
District Attorney General

JAN HICKS
Assistant District Attorney
127 Anderson County Courthouse
Clinton, TN 37716

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

An Anderson County grand jury indicted Appellant on three counts of rape of a child and three counts of incest, alleging sexual penetration of MT, Appellant's step-daughter.[1] On August 19, 1996, Appellant entered a plea of nolo contendere to the reduced charge of three counts of simple rape, for an agreed sentence of eight years on each count, with the sentences to be run concurrently. The trial court conducted a probation hearing on February 7, 1997, after which the trial court denied probation and ordered Appellant to serve his sentence in the Tennessee Department of Correction. Appellant appeals from this denial of probation.

After a review of the record, we affirm the judgment of the trial court.

When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all the relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

---

[1] It is the policy of this Court to refrain from disclosing the names of minor victims of sexual assault. Instead we will refer to the victim by her initials.

The Sentencing Reform Act of 1989 established specific procedures which must be followed in sentencing. These procedures, codified at Tennessee Code Annotated § 40-35-210, mandate the trial court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210. In determining whether incarceration is appropriate the trial court must take into account the following principles:

(1) (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

(2) The sentence imposed should be no greater than that deserved for the offense committed;

(3) Inequalities in sentences that are unrelated to a purpose of this chapter should be avoided;

(4) The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed;

(5) The potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed. The length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence; and

(6) Trial judges are encouraged to use alternatives to incarceration that include requirements of reparation, victim compensation and/or community service.

Tenn. Code Ann. § 40-35-103. Apart from a stated desire to avoid depreciating the seriousness of the offense, and the need for deterrence, the record does not reflect consideration by the trial judge of the criteria outlined above. We therefore review de novo the determination to deny probation in this case.

Irrespective of whether the sentence actually imposed by the trial court is reviewed with or without a presumption of correctness, on appeal the burden of showing the impropriety of the sentence and the entitlement to probation remains with the defendant. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-210 (b)(3) (1990); State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). As a Range I, standard offender, convicted of a Class B felony, Appellant is not presumptively entitled to a sentence other than continuous confinement for the duration of the term of years imposed. Tenn. Code Ann. § 39-13-503(b) and § 40-35-102(6) (Supp. 1994).

The presentence report indicates that the Appellant is a 47 year old man suffering from alcoholism. He has a history of arrests and convictions for public intoxication and driving under the influence of an intoxicant. Although he has been in and out of treatment for alcoholism since the 1970's, these efforts appear to have been largely unsuccessful up until the commission of the present offenses. The Appellant also has a poor employment history.

The Appellant presented proof that he was, at the time of sentencing, employed and had completed in-patient treatment for alcoholism. He was also participating in out-patient treatment and he had stayed away from M.T. The

Appellant stated that he was not a danger to the community, and he presented two character witnesses in support of his request for probation.

At the close of the hearing, the trial court denied probation in order to avoid depreciating the seriousness of the offense and in order to deter others from committing the same type of offense.

Need to Avoid Depreciating the Seriousness of the Offense

When the legislature has determined that probation is permissible for an offense, in order for probation to be denied on the basis of a need to avoid depreciating the seriousness of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of a excessive or exaggerated degree." State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991).[2] Although the Appellant's actions in this case are disgusting, we cannot say that, as committed, this case meets the Hartley standard.

Need for Deterrence

Ordinarily, the denial of probation based on the need for deterrence of other potential offenders must be supported by specific evidence of the need in the community for deterrence in the commission of crimes like those committed

---

[2]The State cites in its brief Tennessee Code Annotated § 37-1-601(a) as a statement by the General Assembly of Tennessee that the public policy of Tennessee favors severe punishment for child sex abusers. While this code section does embody a legislative expression of concern about the incidence of child sexual abuse, the General Assembly has nevertheless seen fit to retain probation as an alternative sentence for many child sex abusers.

by the defendant.  State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).  However, no extrinsic proof is required to establish the need for deterrence in the commission of certain criminal offenses; the need for incarceration of offenders in these cases is self-evident.  State v. Damon W. Byrd, No. 01C01-9503-CR-00083 (Tenn. Crim. App. August 1, 1996); State v. Pinkham, No. 02C01-9502-CR-00040 (Tenn. Crim. App. May 24, 1996); State v. Millsaps, 920 S.W.2d 267, 271 (Tenn. Crim. App. 1995).  Sexual molestation of children is an offense where the need for deterrence is obvious.  See State v. Vines, No. 95 1991 WL 21603, at *1 (Tenn. Crim. App. Feb. 22, 1991); See also State v. Kratts, No. 193, 1988 WL 633512, at *4 (Tenn. Crim. App. June 22, 1988)(commenting that "there is a public awareness of the need to deter an individual who would sexually abuse children" and that "the need to deter . . . is obvious").  Thus, we conclude that probation was properly denied on the basis of the need to deter others from committing crimes similar to those of the Appellant.[3]

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____

[3]Although we have concluded that the need to deter child sex abuse cases through incarceration is obvious, the question of the need for extrinsic proof on this issue is the subject of some disagreement in the courts.  When there is abundant empirical and anecdotal evidence concerning the number of incidents child sex abuse in our communities, law enforcement efforts to curb it, and the problems caused by it, it escapes us why prosecutors in many instances fail to introduce such proof when opposing probation in these types of case.

_____

WILLIAM B. ACREE, JR. SPECIAL JUDGE