IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1998 SESSION



FILED

September 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9707-CR-00253 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | HON.  CHRIS CRAFT |
| ERIC D. WOODARD, | ) | |
| | ) | (Possession of Marijuana to |
| | ) | Sell or Deliver) |
| Appellant, | ) | |
| | ) | AFFIRMED - RULE 20 |

FOR THE APPELLANT:

RANDALL P. SALKY
266 South Front Street
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

JERRY KITCHEN
Assistant Dist. Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

CURWOOD WITT, JUDGE

## OPINION

The defendant, Eric D. Woodard, appeals the decision of the Shelby County Criminal Court to deny probation of his plea-bargained one-year sentence. The trial court imposed the sentence, along with a $2,000 fine, in consequence of the defendant's guilty plea to the Class E felony of possessing marijuana with intent to sell or deliver. We have reviewed the record on appeal, including the briefs of the parties, the transcript of the sentencing hearing, and the presentence report, and we affirm the denial of probation pursuant to Rule 20 of the rules of this court.

The trial court considered the applicable principles of the Sentencing Reform Act and articulated its findings of fact. Its decision is presumptively correct. Tenn. Code Ann. § 40-35-401(d) (1997); State v. Ashby, 823 S.W.2d 166 (Tenn. 1991).

At the time of sentencing, the twenty-three year-old defendant had a previous "non-judicially adjusted" juvenile charge of marijuana possession, an offense he admitted. Also, as an adult, he had been convicted of assault and his probation for this offense ended only a few weeks before the drug sale that resulted in the present conviction. The defendant admitted the use of marijuana subsequent to the adjustment of his juvenile charge and throughout the probation on the assault charge. He admitted that, during the time when the present offense (selling 115.4 grams for $325) was committed, he was extensively involved in selling marijuana and was a "dope dealer." The trial court denied alternative sentencing chiefly because alternative sentencing had been unsuccessful in the past. The trial court properly found that the evidence overcame the presumption of favorable candidacy for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (1997); Tenn. Code Ann. § 40-35-103(1)(C)(1997) (providing that a sentence involving confinement may be based on the fact that "measures less restrictive than confinement have . . . recently been applied unsuccessfully to the defendant"). Moreover, the burden rests upon the defendant to demonstrate entitlement to probation. State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995);

see Tenn. Code Ann. § 40-35-303(b) (1997).

The trial court's denial of probation comes to this court presumed to be correct. The record reflects nothing that overcomes this presumption. See Ashby, 823 S.W.2d at 169.

The judgment of the trial court is AFFIRMED pursuant to Rule 20. Tenn. R. Ct. Crim. App. 20.

_____
CURWOOD WITT, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
ROBERT W. WEDEMEYER, Special Judge