**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1999**

FILED

April 22, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9804-CC-00175** |
| | ) | |
| Appellee, | ) | |
| | ) | **MARSHALL COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. CHARLES LEE, JUDGE** |
| **DENETRA SHAWN COOK,** | ) | |
| | ) | |
| Appellant. | ) | **(ESCAPE)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**CLIFFORD K. McGOWN**              **JOHN KNOX WALKUP**
113 North Court Square              Attorney General & Reporter
P.O. Box 26
Waverly, TN  37185                 **ELIZABETH B. MARNEY**
(On Appeal Only)                   Assistant Attorney General
                                   2nd Floor, Cordell Hull Building
                                   425 Fifth Avenue North
**JOHN HARWELL DICKEY**            Nashville, TN  37243
District Public Defender

**MICHAEL D. RANDLES**             **WILLIAM MICHAEL McCOWN**
Assistant Public Defender          District Attorney General
105 South Main Street
P.O. Box 1119                      **WEAKLEY E. BARNARD**
Fayetteville, TN  37334            Assistant District Attorney General
(At Trial and On Appeal)           Marshall Co. Courthouse, Room 407
                                   Lewisburg, TN  37091

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Denetra Shawn Cook, appeals as of right following her conviction and sentencing hearing in the Marshall County Circuit Court. On March 20, 1991, Defendant was charged with felonious escape when she escaped from the Marshall County authorities after being arrested for burglary. Defendant remained at large until 1997. On July 9, 1997, Defendant entered a plea of guilty to felonious jail escape in violation of Tennessee Code Annotated section 39-16-605. Following a sentencing hearing, the trial court subsequently sentenced Defendant to serve two (2) years, to spend sixty (60) days of that sentence incarcerated with the balance to be served on probation. Defendant contends that the trial court erred in ordering the Defendant to serve sixty (60) days of her sentence incarcerated before placing her on probation. We affirm the judgment of the trial court.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a <u>de novo</u> review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a <u>de novo</u> review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory

mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

At the sentencing hearing, Kenneth McElroy testified for the State. McElroy, a former detective with the Marshall County Sheriff's Department, investigated a burglary case wherein he charged the Defendant with burglarizing a local residence. After taking out a warrant for the Defendant, Defendant was arrested and incarcerated in the Marshall County Jail. During the time that she was incarcerated, McElroy recalled that Defendant complained of back pain and, as a result, was taken to the local hospital in Lewisburg. McElroy and the jailer, Amy Adams, transported Defendant to the hospital. While they were at the hospital for x-rays, the Defendant asked to use the bathroom and escaped through another door to the bathroom.

McElroy was no longer employed as a detective when Defendant was arrested in 1997. Defendant gave a statement to the probation officer, to be included in the pre-sentence report, wherein she claimed McElroy advised her to escape and

explained how she could escape. McElroy denied this allegation in his testimony. McElroy left the Sheriff's Department of his own free will and while in good standing.

Jennifer Robinson prepared the presentence report of the Defendant. Robinson stated that she personally interviewed the Defendant, finding her to be very cooperative in giving information. Robinson was not aware of anything in Defendant's background which would render her a bad risk for alternative sentencing.

The trial court recognized that the Defendant was presumed a favorable candidate for alternative sentencing, but noted the fact that Defendant had not been truthful with the court. The trial court stated that the Defendant elected not to take the witness stand at the sentencing hearing and instead relied upon her earlier statement in which she accused McElroy of advising her to escape. As aptly noted by the trial court, truthfulness by a defendant during a sentencing hearing is a factor that may be considered in determining the defendant's amenability for probation. State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990). Therefore, Defendant was ordered to serve sixty (60) days in the Marshall County jail.

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Thus, a defendant sentenced to eight (8) years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. While this court would agree that the evidence is undisputed which presumes Defendant eligible for

an alternative sentence, the Defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). "To meet the burden of establishing suitability for full probation, the Defendant must demonstrate that probation will subserve the ends of justice and the Defendant." State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (*quoting* Dykes, 803 S.W.2d at 259).

As Defendant admittedly concedes, a defendant's truthfulness or lack of truthfulness is an appropriate consideration to grant or deny probation. Dykes, 803 S.W.2d at 259. The trial court chose to accredit the testimony of Kenneth McElroy regarding Defendant's escape from the authorities, and we do not hesitate to agree with its assessment. In addition, we would note that Defendant did receive an alternative sentence of split confinement in which the trial court took into account the circumstances of the offense and the Defendant's continued criminal conduct. After seven (7) years of evading the authorities, a sentence of sixty (60) days of incarceration prior to probation is not greater than that deserved for the offense committed and appears to be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(2) and (4). This issue is without merit.

We affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
JERRY L. SMITH, Judge