# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 21, 2000 Session

## STATE OF TENNESSEE v. SEAN IMFELD

### Direct Appeal from the Criminal Court for Knox County
### No. 66960     Mary Beth Leibowitz, Judge

_____

### No. E2000-00094-CCA-R3-CD
### February 27, 2001
_____

Joseph M. Tipton, J., concurring.

I concur in the results reached in the majority opinion. However, I respectfully disagree with the opinion's use of enhancement factors (3) and (16) for the aggravated assaults in this case.

Pursuant to Tenn. Code Ann. § 40-35-114(3), a trial court may enhance a sentence if "[t]he offense involved more than (1) victim." I recognize that this court has previously enhanced aggravated assault sentences under factor (3) based upon injuries received by persons not the subject of the defendant's convictions. See State v. Norris, 874 S.W.2d 590, 601 (Tenn. Crim. App. 1993). However, I think the issue needs to be revisited. In each of the aggravated assault counts in the present case, the indictment charged the defendant with recklessly causing bodily injury to a named person by use of a deadly weapon. See Tenn. Code Ann. §§ 39-13-101(a)(1), -102(a)(2)(A). The essential element of the assault is that a particular person received bodily injury. It is not contingent upon any specific conduct by the defendant that may place others in the zone of danger. As such, each offense necessarily involved only one victim. With factor (3) referring to the offense, there cannot be multiple victims for any one count referring to a particular person.

I have a similar view regarding factor (16), which provides for enhancement if "[t]he crime was committed under circumstances under which the potential for bodily injury to a victim was great." Tenn. Code Ann. § 40-35-114(16). Again, the factor refers to the crime and a victim. We have conflicting cases. See State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995) (holding that the factor (16) applies when persons other than the victim of the crime committed are in the realm of danger); State v. Bingham, 910 S.W.2d 448, 452 (Tenn. Crim. App. 1995) (limiting factor (16) to the person who was the victim of the crime charged); State v. John Bradley Lowery, No. E1998-00034-CCA-R3-CD, Knox County (Tenn. Crim. App. June 12, 2000), applic. filed (Tenn. Aug. 14, 2000) (majority of panel relying on Bingham to limit application of factor (16));  State v. Terrence

T. Wiggins, No. 01C01-9806-CR-00241, Davidson County (Tenn. Crim. App. July 1, 1999) (majority of panel holding that Sims allows factor (16) to apply to persons in the zone of danger); State v. Charles Justin Osborne, No. 01C01-9806-CC-00246, Perry County (Tenn. Crim. App. May 12, 1999) (relying on Bingham to limit application of factor (16)). However, I believe the better reasoned view supports Bingham.

However, I do not believe that the sentences for the aggravated assaults should change. The culpability sought to be addressed by the trial court by applying factors (3) and (16) still exists through factor (10). In other words, under the facts, reducing the number of enhancement factors does not reduce the level of the defendant's culpability. See State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995). Thus, the sentences should stand.

_____
JOSEPH M. TIPTON, JUDGE