# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 13, 2001 Session

## STATE OF TENNESSEE v. PAUL DENNIS REID, JR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-C-1834**

---

**No. M1999-00803-CCA-R3-DD - FILED MAY 31, 2001**

---

James Curwood Witt, Jr., J., concurring.

I fully concur in Judge Hayes's thorough, incisive opinion. With respect to a portion of the analysis of the especially aggravated robbery sentencing issues, I concur merely in the results.

I agree that the length of the especially aggravated robbery sentence is warranted; however, I would have concluded that the trial court's imposition of the maximum sentence is supported by the use of enhancement factor (16), that "the crime was committed under circumstances under which the potential for bodily injury to a victim was great." Tenn. Code Ann. § 40-30-114(16) (Supp. 2000). As this court has noted, members of the court have adopted different positions relative to the application of factor (16). In the present case, Judge Hayes adheres to the position he adopted in *State v. Bingham*, 910 S.W.2d 448, 452-53 (Tenn. Crim. App. 1995), which leads him to conclude that factor 16 is inapplicable to enhance the sentence for the especially aggravated robbery of Steve Hampton.

I respectfully subscribe to a different view of this issue. *See State v. Eunyce Marie Saunders*, No. E1998-00230-CCA-R3-CD (Tenn. Crim. App., Knoxville, June 8, 2000) (Witt, J., dissenting and concurring). I agree that factor (16) is inapplicable to Hampton, the victim of the especially aggravated robbery. His bodily injury is obviously an element of the offense.

I conclude that factor (16) should enhance this offense, however, because (1) Sarah Jackson was killed and was consequently a "victim" of the robbery of Mr. Hampton, *see Eunyce Marie Saunders,* separate op. at 4 (Witt, J., dissenting and concurring), and (2) "the defendant's offending conduct posed a great risk of bodily injury to [her as] the victim." *Id*., separate op. at 5.

In all other respects, I fully concur.

_____

JAMES CURWOOD WITT, JR., JUDGE