IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 15, 2002 Session

## STATE OF TENNESSEE v. JACK HACKERT

**Direct Appeal from the Circuit Court for Williamson County**
**Nos. 11-72-401-A; 11-2001-01-28-B     Timothy L. Easter, Judge**

---

### No. M2001-02687-CCA-R3-CD - Filed January 15, 2003

---

The Appellant, Jack Hackert, appeals the sentencing decision of the Williamson County Circuit Court. The sentence arose from a guilty plea entered by Hackert to: (1) two counts of sale or delivery of marijuana, class E felonies; (2) simple possession of marijuana; and (3) misdemeanor possession of drug paraphernalia. Following a sentencing hearing, Hackert received an effective sentence of two years, eleven months, and twenty-nine days, with one-hundred days to be served in the county jail. On appeal, Hackert raises the single issue of whether the trial court erred by denying full probation. After review, we find no error. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Judson W. Phillips, Franklin, Tennessee, Attorney for the Appellant, Jack Hackert.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mark K. Harvey, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On March 23th and April 11th of 2000, the Appellant and a female accomplice sold approximately one-fourth of a pound of marijuana to a confidential informant, who was working for the city of Franklin Police Department. Based upon these drug transactions, the Appellant was indicted for two counts of sale or delivery of marijuana, class E felonies. A capias was issued following the Appellant's indictment and, upon service of the capias at his residence, drug

paraphernalia and a small amount of marijuana were discovered. This seizure led to the additional charges of possession of drug paraphernalia and simple possession.

Pursuant to a negotiated plea agreement, the Appellant pled guilty to all four drug charges. The plea agreement provided that the Appellant was to receive concurrent two-year sentences for the two felony sale or delivery of marijuana charges and concurrent eleven-month, twenty-nine day sentences for the two misdemeanor charges of possession of drug paraphernalia and simple possession. The two misdemeanor and two felony charges would be served consecutively. The manner and service of the sentences were to be determined by the trial court. Following a sentencing hearing, the trial court denied the Appellant's request for total probation, instead ordering that he serve fifty days confinement for the felony convictions and fifty days confinement for the misdemeanor convictions. Thus, the Appellant received an effective sentence of two years, eleven months and twenty-nine days, of which one hundred days were to be served in confinement.

**Analysis**

When an appellant complains of his sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). However, this presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. *Ashby*, 823 S.W.2d at 169. After review, we afford the trial court's sentencing determination the presumption of correctness. Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. In determining whether an appellant has carried the burden, this court should consider the evidence received at the trial and at the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offenses, existing mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. Tenn. Code Ann. § 40-35-210 (Supp. 2002); *Ashby*, 823 S.W.2d at 169.

Because the Appellant was convicted as a Range I offender for class E felonies, he was considered a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (1997). In consideration of this fact, the trial court sentenced the Appellant to a form of alternative sentencing; split confinement followed by a period of probation. Tenn. Code Ann. § 40-35-104(c)(5). However, the Appellant argues that this was an inappropriate sentence. Specifically, he asserts that he should have been granted full probation.

To meet the burden of establishing suitability for total probation, an appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1995), *overruled in part by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000) (citation omitted). When deciding suitability for probation, although not controlling, the sentencing court should use the following criteria: (1) the nature and circumstances of the criminal conduct involved, Tenn. Code Ann. § 40-35-210(b)(4); (2) the defendant's potential or lack of potential for

rehabilitation, including the risk that during the period of probation the defendant will commit another crime, Tenn. Code Ann. § 40-35-103(5) (1997); (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B); and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(B). *See Bingham*, 910 S.W.2d at 456. Our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. *Ashby*, 823 S.W.2d at 171. "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." *Id*.

At the time of sentencing, the Appellant was thirty years old, married, and the owner of a roofing and home repair business. While acknowledging the Appellant's positive aspects for probation, the trial court also noted his long history of drug involvement, dating back to when he was a teenager. The presentence report reflects that the Appellant has two prior convictions for possession of drugs in addition to convictions for possession of drug paraphernalia, driving on revoked license, driving under the influence of an intoxicant, and two convictions for driving on a suspended license. In each of these sentences, the Appellant received probation. Several of these offenses were committed while the Appellant was on probation for prior crimes. In addition, one of the Appellant's prior sentences was a split confinement sentence where jail time was served. The previous grants of probation and leniency went unheeded. Indeed, the Appellant's drug involvement not only continued but, in fact, escalated as noted by the facts of this case.

Upon review, we find that the trial court's sentencing decision was clearly justified. "The potential or lack of potential for rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994); Tenn. Code Ann. § 40-35-103(5). The record makes obvious that prior attempts to rehabilitate the Appellant were unsuccessful. In light of the record before us, we find that the Appellant has failed to carry his burden of establishing that his sentence was improper.

## CONCLUSION

Based upon the foregoing reasons, we conclude that the trial court did not err in denying the Appellant's request for total probation. The judgment of the Williamson County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE

-3-