**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**APRIL SESSION, 1999**



FILED

May 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **No. 02C01-9810-CC-00325** |
| **Appellee** | ) | |
| | ) | **HARDIN COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. C. Creed McGinley, Judge** |
| **CHRISTOPHER WAYNE** | ) | |
| **SNODGRASS,** | ) | **(Motor Vehicle Habitual Offender)** |
| | ) | |
| **Appellant** | ) | |

For the Appellant:

**Guy T. Wilkinson**
District Public Defender

**Richard W. DeBerry**
Asst. District Public Defender
117 Forrest Avenue North
Camden, TN 38320

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Patricia C. Kussmann**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**G. Robert Radford**
District Attorney General

**John W. Overton, Jr.**
Asst. District Attorney General
P. O. Box 484
Jackson TN 38372

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Christopher Wayne Snodgrass, pled guilty to violation of the Motor Vehicle Habitual Offender's Act, a class E felony. The trial court imposed a sentence of eighteen months confinement in the Department of Correction.[1] On appeal, the appellant argues that the trial court erred by denying a community corrections sentence.

BACKGROUND

The appellant was declared a motor vehicle habitual offender by order of the Hardin County Circuit Court on May 15, 1991. In 1994, the appellant was convicted of violating the Motor Vehicle Habitual Offender's Act and received a one year sentence to the Department of Correction. Following his release from confinement, he received a gunshot wound to the head resulting in paralysis to his arm. The appellant moved to Florida in early 1995 and continued to reside in that state until March of 1998. Due to the gunshot wound, he was unable to work so he ". . . just kind of piddled around." While in Florida the appellant applied for and was issued a driver's license. In March of 1998, the appellant returned to the state of Tennessee. He related that he was unaware that his Florida driver's license was ". . . no good in Tennessee until [he] got pulled over . . . and . . . carried . . . to jail." On June 1, 1998, a state trooper stopped the appellant for driving with expired tags on his vehicle. After discovering that the appellant was driving in violation of the court's order of May 15, 1991, the appellant was again charged as a motor vehicle habitual offender.

---

[1]The negotiated plea agreement provided a sentence recommendation of eighteen months. The manner of service of the sentence was submitted to the trial court for its determination.

The presence report revealed that the appellant is thirty-four years old and dropped out of school in the ninth grade. Currently, he is unemployed and receiving a monthly income based upon his disability. The presentence report indicates three prior convictions for driving under the influence and two convictions for driving on a revoked license all occurring in 1989 and 1990. The appellant testified that he stopped drinking four years ago.

The trial court denied community corrections and imposed a full term of incarceration for the appellant. As grounds for the denial, the trial court observed,

> This is not the first time he's been convicted of this particular crime, so ignorance really is no excuse.
> The prior record consists of driving offenses, including the prior felony conviction of violation of the habitual motor vehicle offender statute. And on the record in front of the Court, the Court finds that that weighs against the presumption for the eligibility for alternative sentencing.
> Having been through this entire situation before as he was in 1994, the Court finds that it's inexcusable to go out and intentionally violate the same law again. Therefore, a prior felony record as well as prior driving offenses, the Court finds he's not eligible for alternative sentencing.

The appellant now seeks review of this sentence.

The appellant's sole challenge on appeal is the denial of a community corrections sentence. Review by this court of the manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption only applies if the record demonstrates that the trial court properly considered the relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the case before us, the record makes such a showing. Accordingly, we apply the presumption.

Initially, we must determine whether the appellant is a suitable candidate for alternative sentencing. As the appellant was convicted as a Range I standard offender of a Class E felony, he is entitled to the presumption of alternative sentencing absent evidence to the contrary. Tenn. Code Ann. § 40-35-102(5), (6)

(1997). However, this presumption may be rebutted by "evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); see also State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995). Guidance as to what constitutes evidence to the contrary may be found in Tenn. Code Ann. § 40-35-103(1) (A-C). If it is shown that the appellant has a long history of criminal conduct, that the appellant has not been rehabilitated with less restrictive methods, or that confinement is necessary to avoid depreciating the seriousness of the offense or to provide an effective deterrence to others, alternative sentences may be denied. Id. See also Bingham, 910 S.W.2d at 454 (citing Ashby, 823 S.W.2d at 169). Finally, the defendant's potential or lack of potential for rehabilitation should be considered in determining whether he should be granted an alternative sentence. Tenn. Code Ann. § 40-35-103(5). The appellant contends that he has demonstrated his potential for rehabilitation by taking the required classes to receive a driver's license in Florida.

In the instant case, the trial court found that the presumption for an alternative sentence was rebutted by the appellant's prior record of driving offenses. We agree. The record demonstrates that the appellant has one prior conviction for this same offense and five misdemeanor driving offenses. Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1)(C). Moreover, this appellant has shown blatant disregard for the laws of this State by continuing to drive his vehicle after loss of his driving privilege. We conclude that the record contains more than sufficient "evidence to the contrary" to rebut the presumption favoring the alternative sentencing option of community corrections.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
L. T. LAFFERTY, Senior Judge.