# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 19, 2014 Session

## STATE OF TENNESSEE v. RANDY CARL HASS

**Appeal from the Circuit Court for Sullivan County**
**No. S60081  Robert H. Montgomery, Jr., Judge**

_____

**No. E2013-02679-CCA-R3-CD - Filed January 30, 2015**

_____

As part of a plea agreement, the Appellant, Randy Carl Hass, pled guilty to several counts of facilitation of sexual exploitation of a minor and official misconduct. The parties agreed to a sentence of twenty years, with fifteen of those years to be served under supervised probation. The Appellant applied for probation or alternative sentencing for the remainder of his sentence. The trial court denied the application, ruling that the remaining five years of the sentence would be served in confinement. On appeal, the Appellant contends that the trial court committed an abuse of discretion in denying probation or alternative sentencing and that this decision is not entitled to the presumption of reasonableness. The State disagrees. Upon review, we conclude that the trial court did not abuse its discretion by denying alternative sentencing or extending probation and ordering the Appellant to serve five years of the sentence in confinement. We therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed.**

ROBERT L. JONES, SP.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, J.J., joined.

R. Wayne Culbertson, Kingsport, Tennessee, for the Appellant, Randy Carl Hass.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Willis, Assistant Attorney General; William E. Young, Solicitor General; Benjamin A. Ball, Senior Counsel, Criminal Justice Division; Barry Staubus, District Attorney General, and William Harper, Assistant District Attorney General, for the Appellee, State of Tennessee.

OPINION

## I. Procedural History and Facts

On November 15, 2011, the Sullivan County Grand Jury filed a 42-count presentment against the Appellant, Randy Carl Hass, on twenty-seven counts of sexual exploitation of a minor (more than fifty images), five counts of especially aggravated sexual exploitation of a minor, and ten counts of official misconduct. On October 29, 2013, in exchange for dismissal of the five counts of especially aggravated sexual exploitation of a minor, the Appellant pled guilty to one count of facilitation of sexual exploitation of a minor (more than fifty images), twenty-six counts of facilitation of sexual exploitation of a minor (fewer than fifty images), and all ten counts of official misconduct. The parties agreed to an effective sentence of twenty years, with fifteen of those years to be served under supervised probation. The agreement provided that the trial court would determine how the remaining five years of the sentence would be served. The Appellant applied for probation or alternative sentencing on this five-year sentence.

During the guilty plea colloquy, the State described the facts supporting the charges as follows: In April of 2011, the Sullivan County Sheriff's Office received complaints from parents of several teenaged boys participating in the department's Explorer program. The complaints alleged that the Appellant had taken photos of the boys and possibly engaged in inappropriate sexual contact with them. At the time, the Appellant was a corrections sergeant for the Sheriff's Office and served as advisor to the Explorer program. After speaking with the boys, detectives from the Sheriff's Office interviewed the Appellant. He admitted to having child pornography on his personal laptop and voluntarily gave the computer to the detectives. Detectives later found more than 100 pornographic images on the laptop. In addition to those pictures, detectives also found photographs of members of the Explorer program posed to mirror some of the pornographic images on the laptop, though the Explorers were clothed. Detectives found duplicates of these images on the Appellant's cell phone. The photographs of the Explorers had been made during an overnight trip the boys took under the Appellant's supervision to participate in a reenactment of a Civil War battle.

The trial court accepted the Appellant's guilty plea. At the sentencing hearing on November 14, 2013, the Appellant testified that he had been unable to find work since his arrest. He stated that since his arrest he had spent most of his time caring for his wife of twenty-five years, who has health issues. He said he had two adult children, a son and a daughter. His son is mentally challenged, though the Appellant said the son is self-supporting.

The Appellant testified that he has a Masters degree and that he had been employed for his entire adult life until his termination from the Sheriff's Office. He stated that he had

served in the Army from 1983-1987 and received an honorable discharge. The Appellant testified that during his sixteen years at the Sheriff's Office, he was reprimanded twice: once for allowing inmates to remove the top part of their jumpsuits and once for improperly handling evidence.

The Appellant asserted that he understood the charges against him and said his actions had been "a huge mistake." He admitted remorse for his behavior and said he was sorry for everyone he had hurt. He stated that he had committed his crimes due to "curiosity."

The Appellant testified that he was attending weekly group therapy meetings as required under his probation. He stated that the therapy was beneficial "at times," but at times the meetings addressed issues that "don't apply" to him. He expected to be in his therapy group for at least two years. He testified that he had not been able to afford any other professional counseling. The Appellant stated that he and his wife had no income other than his wife's Social Security disability payments.

When asked if he would likely reoffend, the Appellant testified that he had "not even tried to, not even thought about it." He said he felt he would be able to refrain from reoffending and to follow the terms of his probation. He stated that his counselor told him that he had done well on the psychological tests he had taken and that the counselor saw "no signs of any danger of reoffending."

The Appellant testified that he no longer attended church for fear that his presence would discourage others from attending. He said he was no longer involved with any group where he might encounter young children. He testified that he spent time reading, writing, and tending his trees and flowers. The Appellant asserted that he stayed at home unless he was attending counseling, going to the grocery store, or taking his wife to doctor's appointments.

The Appellant testified that although he had at one point not felt he needed counseling, he had since changed his mind and felt counseling was helping him. He said he understood the charges against him of facilitation of sexual exploitation of a minor. He testified that he had never had any sexual contact with children but admitted that he had viewed and possessed sexually explicit photographs of children prior to his arrest.

On cross examination, the Appellant said that there were photos on his phone of some of the boys from the Explorer program, though he denied taking them himself and stated that he had "just never erased them." He agreed that one of the photos showed a boy with bare buttocks changing clothes after swimming in a creek and that others showed boys with simulated blood and lash marks on their bodies. He agreed that some of the pornography found on his laptop depicted boys in bondage scenarios. Though he had stated previously

that it was the website and not his viewing of the photos that "made them a victim," the Appellant testified that his downloading and viewing the images had victimized the boys in the website photos.

The Appellant testified that he understood that the terms of his probation required him to report any contact with children to his probation officer. He also agreed that he had recently been in a hospital waiting room with children and had failed to report this. He stated that he had not spoken to the children and had tried to avoid them. He said that he had not understood that he was required to report such minimal contact with children.

The Appellant testified that although he had earlier stated that he had believed the pornographic images he had downloaded had been of men over the age of eighteen, he now acknowledged that the boys in the pictures "may have been younger."

In making its sentencing decision, the trial court considered the Appellant's testimony, the Presentence Report, the Confidential Sex Offender Risk Assessment, testimonial correspondence from the Appellant's supporters, victim photographs, portions of the transcript from the sentencing hearing, the Sentencing Memorandum of the Defendant, the Sentencing Practices in Tennessee published by the Administrative Office of the Court, and arguments of counsel. The court ruled in favor of the State, denying the Appellant's application for probation or alternative sentencing for one count of facilitation of sexual exploitation of a minor (more than fifty images) and one count of facilitation of sexual exploitation of a minor (fewer than fifty images). The trial court ordered the Appellant to serve five years with the Tennessee Department of Corrections.

## II. Analysis

### Denial of Probation and/or Alternative Sentencing

The Appellant argues that the trial court erred in denying him probation or alternative sentencing, and by doing so committed an abuse of discretion not entitled to the presumption of reasonableness. The State contends, however, that the Appellant fails to overcome the presumption that the sentence is reasonable and to demonstrate that the trial court abused its discretion. We agree with the State.

On appeal, it is the defendant who bears the burden of showing that his sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Until the decision in *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012), the Tennessee Supreme Court held that when a defendant challenges the validity of a sentence, the appellate court must conduct a de novo review on the record of the issues. Following *Bise*, the standard of appellate review is abuse of discretion, granting the trial court's decision the presumption of reasonableness.

*State v. King*, 432 S.W. 3d 316, 321 (Tenn. 2014); *State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013); *Bise*, 380 S.W.3d 682 at 706-07 (Tenn. 2012). The Court also noted in *Bise* that "the 2005 amendments vested the trial court with broad discretionary authority in the imposition of sentences." *Bise*, 380 S.W.3d at 708. If a trial court issues a sentence that falls within the applicable statutory range and reflects the intention of the Sentencing Act, and if the trial court has properly addressed the reasoning behind the sentence on the record, then the sentence should be upheld. *Pollard*, 432 S.W.3d at 864; *Bise*, 380 S.W.3d 682 at 706, 709.

Tennessee Code Annotated § 40-35-210 requires the trial court to consider a list of factors in determining the length and method of service of a defendant's sentence. These factors include:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
> (2) The presentence report;
> (3) The principles of sentencing and arguments as to sentencing alternatives;
> (4) The nature and characteristics of the criminal conduct involved;
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

*Id.* at (b)(1)-(7). However, none of these factors is dispositive in and of itself.

Tennessee Code Annotated § 40-35-102, which outlines the purpose and intent of the Sentencing Act, states that a defendant who is not convicted of one of "the most severe offenses," who does not have a criminal history "evincing a clear disregard for the laws and morals of society," who does not evince "failure of past efforts rehabilitation," and who is "an especially mitigated or standard offender convicted of a Class C, D or E felony," should be considered for alternative sentencing options in the absence of evidence to the contrary. *Id*. at §§ 40-35-102(5) and 40-35-102(6)(A).

However, Tennessee Code Annotated § 40-35-102(6)(D) states that "[a] court *shall consider, but is not bound by*, the advisory sentencing guidelines in this subdivision." *Id.* (emphasis added). Additionally, the Tennessee Supreme Court has acknowledged that the 2005 amendments to the Sentencing Act replaced what had formerly been binding considerations regarding the manner of service of a sentence with advisory guidelines. *Pollard,* 432 S.W.3d. at 859; *see also* David L. Raybin, *The Blakely Fix: New Tennessee Law Restores Judicial Discretion in Criminal Sentencing*, 41 Tenn. B.J. 14, 21 (2005).

Even if a defendant is entitled to the statutory presumption of alternative sentencing, he has the burden of proving that he should be granted full probation. *State v. Blackhurst*, 70 S.W.3d 88, 96-7 (Tenn. 2001); *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995).

A court may deny probation to avoid depreciating the seriousness of the offense or to provide effective deterrence to others. Tenn. Code Ann. § 40-35-103. The sentencing court may also consider the defendant's potential for rehabilitation, any untruthfulness or lack of candor, and the mitigating and enhancing factors in Tennessee Code Annotated §§ 40-35-113 and 40-35-210(b). *State v. Lewis Green,* No. W2011-02593-CCA-R3-CD, 2013 WL 1282319 (Tenn. Crim. App. Mar. 28, 2013).

As is required by Tennessee Code Annotated § 40-35-210, the trial court considered the purposes and principles behind the sentencing statutes and clearly explained the reasoning behind denying the Appellant full probation. The record reflects that the trial court considered the evidence heard at the guilty plea hearing and at the sentencing hearing, in the presentence report and in the evaluation by Counseling and Consultation Services, and in the arguments made by counsel. The court weighed the enhancing and mitigating factors and the Appellant's own testimony.

Regarding the enhancing factors, the trial court noted on the record that the crimes involved victims and were committed to gratify the defendant's desires. The Appellant argues that the trial court erred in considering that he abused a public trust. This is not the case. The record shows that although the trial court spoke of the Appellant's position as a law enforcement officer, the court considered only his abuse of a private trust placed in the Appellant by the parents of the boys involved. The court also considered the counts that the State had mitigated as part of the plea agreement, his apparent lack of candor, and the misuse of his position as a sheriff's officer as reflected in the official misconduct charges.

The record also shows that the trial court considered mitigating factors when making its sentencing decision. *See* Tenn. Code Ann. § 40-35-113. The court noted that the criminal conduct neither caused nor threatened serious bodily injury, though because the circumstances under which the pornographic images were made could not be known and it was possible that the boys involved were harmed, the court gave this factor little weight. The court noted that the Appellant seemed to show remorse, he had a good work history, he was following the requirements of his probation, he cooperated with law enforcement in their investigations, he was honorably discharged from military service, and that he has been married for twenty-five years and has raised two children.

The trial court also considered the deterrence value of incarceration, noting that another officer in Kingsport had recently been convicted of federal child pornography charges. The court stated that "the public needs to know and understand that people like [the Appellant] are continuing to encourage individuals to take pictures and put them on the internet of children under the age of eighteen in sexual activity or simulated sexual activity and society should not tolerate that."

## CONCLUSION

We hold that the trial court did not err in denying the Appellant alternative sentencing or probation. We find no abuse of discretion and no basis for rebutting the presumption that the trial court's decision was reasonable. The record reflects that the trial court adhered to the statutory requirements regarding sentencing, stating clear reasons for its decision. The imposition of the sentence is also supported by the broad discretionary authority afforded trial courts regarding sentencing.

In consideration of the foregoing, the decision of the trial court is affirmed.

_____
ROBERT L. JONES, SPECIAL JUDGE