IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. GUADALUPE ARROYO, ALIAS

**Direct Appeal from the Criminal Court for Knox County**
**No. 71869     Ray L. Jenkins, Judge**

**No. E2002-00639-CCA-R3-CD**
**March 27, 2003**

The appellant, Guadalupe Arroyo, entered guilty pleas to two counts of vehicular homicide by intoxication, Class B felonies. The trial court sentenced the appellant on each count to twelve years incarceration in the Tennessee Department of Correction and ordered that the sentences be served consecutively. On appeal, the appellant contends that the trial court erred in imposing the maximum sentences and in ordering the sentences to be served consecutively. Upon review of the record and the parties' briefs, we affirm the convictions of vehicular homicide; however, finding error in the trial court's sentencing determinations, we remand for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Glen B. Rutherford, Knoxville, Tennessee, for the appellant, Guadalupe Arroyo.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Factual Background

At the guilty plea hearing, the parties stipulated to the following facts. On October 31, 2000, the appellant was driving down Henley Street in Knoxville and ran two red lights. As the appellant ran the second red light, his vehicle struck another vehicle passing through the intersection. The driver of the other vehicle, Anjanette Comer, was killed instantly, and the passenger, Dennis Shockley, died a short time later. The appellant was taken to the hospital where blood testing revealed that he had a blood alcohol level of .18 percent. Moreover, the appellant admitted to having consumed approximately ten beers that day and "numerous alcohol containers, both full and empty, [were] found inside the [appellant's] vehicle."

On January 22, 2002, the appellant entered "blind" guilty pleas to two counts of vehicular homicide by intoxication. Following a sentencing hearing, the trial court sentenced the appellant on each count as a Range I standard offender to twelve years incarceration and ordered that the sentences be served consecutively. On appeal, the appellant contends that the trial court erred in imposing the maximum sentences and in ordering the sentences to be served consecutively.

## II. Analysis

When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption of correctness "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the record demonstrates that the trial court failed to consider the sentencing principles and the relevant facts and circumstances, review of the sentence will be purely de novo. Id.

In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to the sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancements factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102 and -103 (1997), -210 (Supp. 2002); see also Ashby, 823 S.W.2d at 168. The burden is on the appellant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The appellant was sentenced as a Range I standard offender, for which the applicable range for Class B felonies is eight to twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (1997). The presumptive sentence for a Class B felony is the minimum within the applicable range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If the trial court finds that such factors do exist, the court must start at the presumptive sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). There is no mathematical formula for valuating factors to calculate the appropriate sentence. State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). "Rather, the weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." Id. at 475-76.

At the sentencing hearing, the State introduced the following exhibits: the police report of the incident, the appellant's blood alcohol test results, and a transcribed statement by the appellant's wife regarding the circumstances that led to the incident. The trial court also reviewed the presentence report and the State's sentencing recommendations, and considered the arguments of counsel, the testimony of the victims' families, and the appellant's apology in which the appellant

claimed that he "didn't plan this to happen." Based upon this evidence, the trial court found no applicable mitigating factors and applied the following enhancement factors:[1]

(1) the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(3) the offense involved more than one victim;

(9) the appellant possessed or employed a deadly weapon during the commission of the offense;

(10) the appellant had no hesitation about committing a crime when the risk to human life was high; and

(16) the crime was committed under circumstances under which the potential for bodily injury to a victim was great.

Tenn. Code Ann. § 40-35-114 (1997). The trial court sentenced the appellant on each count to twelve years incarceration and ordered that the sentences be served consecutively. On appeal, the appellant challenges the application of enhancement factors (1), (10), and (16), and contests the imposition of consecutive sentences. Because the trial court misapplied certain enhancement factors and failed to make findings regarding the imposition of consecutive sentences, our review will be de novo without a presumption of correctness.

The appellant contends that the trial court erred in applying enhancement factor (1) when it "[was] undisputed that the [appellant] had no prior convictions." In support of his argument, the appellant cites State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993) and State v. Buckmeir, 902 S.W.2d 418, 424 (Tenn. Crim. App. 1995) in which this court held that merely being arrested or charged with a crime did not constitute "criminal behavior" within the meaning of Tennessee Code Annotated section 40-35-114(1). While a trial court may not enhance a sentence under enhancement factor (1) using only a defendant's arrest record, our supreme court held in State v. Carico, 968 S.W.2d 280, 288 (Tenn. 1998) that prior criminal acts for which there has been no conviction may constitute "criminal behavior." Moreover, the plain language of the statute, "a previous history of criminal convictions *or criminal behavior*," precludes this court from limiting the application of this factor to those defendants who have been previously convicted. See State v. Anthony Joel Allen, Jr., No. 01C01-9612-CC-00514, 1998 Tenn. Crim. App. LEXIS 525, at **9-10 (Nashville, May 7, 1998) (quoting Tennessee Code Annotated section 40-35-114(1)).

In the presentence report, the appellant admitted to illegally entering this country in 1997 and to using alcohol despite being underage. Additionally, the State noted at the sentencing hearing that while in this country, the appellant operated a motor vehicle "on a regular basis without the benefit of a license to do so here in the state of Tennessee or anywhere else in this country." We conclude that these acts constitute criminal behavior and support the trial court's application of enhancement factor (1).

---

[1] We note that the 2002 amendment to this section added present enhancement factor (1), thereby renumbering former (1)-(22). See Tenn. Code Ann. § 40-35-114, Amendments. However, for the purposes of this opinion, we will use the former designations applicable at the time of the appellant's sentencing.

Next, the appellant contends that in sentencing the appellant the trial court should not have considered enhancement factors (10) and (16), i.e., the appellant had no hesitation about committing a crime when the risk to human life was high and the crime was committed under circumstances under which the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114(10) and (16). The appellant argues that these factors do not apply because the risk to human life and the potential for bodily injury are inherent in the offense of vehicular homicide.

In State v. Bingham, 910 S.W.2d 448, 452 (Tenn. Crim. App. 1995), this court held that "where a high risk to human life is established with facts separate from those necessary to establish an element of the offense, [enhancement factor (10)] is not an essential element of the offense and may be applied if supported by the facts." In other words, enhancement factor (10) may be applied if the facts demonstrate that the appellant created a high risk to the life of a person other than the named victim. Id. However, proof must exist "that other persons or motorists were either in the vicinity or placed at risk by [the appellant's] conduct." State v. Janice Carol Biskner, No. E2000-01440-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 887, at *39-40 (Knoxville, Nov. 13, 2001).

In the instant case, the trial court noted, "The [appellant] was driving while under the influence of an intoxicant down a crowded area in Knoxville [and] after running several traffic control signals, [he] ran into the car occupied by the two deceased." However, our review of the record fails to reveal any facts supporting the trial court's finding that the area was crowded or other persons were placed in danger. The presentence report indicates that the incident occurred at approximately 11:42 p.m. The facts to which the parties stipulated at the guilty plea hearing and the facts recited at the sentencing hearing and in the presentence report do not demonstrate that there were other vehicles in the area at that time. Accordingly, we cannot conclude that the appellant created a high risk to the lives of persons other than the victims. Thus, the facts do not support the trial court's application of enhancement factor (10).

The appellant also contends that the trial court erred in applying enhancement factor (16), arguing that the potential for bodily injury is an element of the offense of vehicular homicide. This court has previously held that a great potential for bodily injury is inherent in the offenses of vehicular homicide by recklessness, Bingham, 910 S.W.2d at 452, and aggravated vehicular homicide where the defendant's blood alcohol content was more than .20 percent. State v. Donald W. Branch, No. W1999-00506-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 19, at *66 (Jackson, Jan. 4, 2002); perm. to appeal denied, (Tenn. 2002). Likewise, we conclude that it is inherent in the offense of vehicular homicide by intoxication. However, unlike enhancement factor (10), enhancement factor (16) may not be applied when the risk is to persons other than the victim. Id. at **67-68; State v. Charles Justin Osborne, No. 01C01-9806-CC-00248, 1999 Tenn. Crim. App. LEXIS 465, at **6-7 (Nashville, May 12, 1999) (holding that "Bingham implicitly, but inescapably, distinguishes between enhancement factors (10) and (16) in that factor (10) may be supported by risk to persons other than a victim of the convicted offense while factor (16) may not"). Enhancement factor (16) specifically requires that the potential for bodily injury be "to a victim." Tenn. Code Ann. § 40-35-114(16); see also Osborne, No. 01C01-9806-CC-00248, 1999 Tenn. Crim. App. LEXIS 465,

-4-

at *8.  Because the potential for bodily harm is inherent in the offense of vehicular homicide by intoxication and enhancement factor (16) does not apply to persons other than the victim of the charged offense, we conclude that the trial court erred in applying enhancement factor (16).

Although the appellant has not challenged the trial court's application of enhancement factors (3) and (8), we conclude that these factors do not apply in this case.  Enhancement factor (3), the offense involved more than one victim, may not be applied to enhance a sentence where a defendant is separately convicted of the offenses committed against each victim.  State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995); see also State v. Imfeld, 70 S.W.3d 698, 705-06 (Tenn. 2002).  In the instant case, the appellant was separately convicted of the vehicular homicide of each victim.  Accordingly, enhancement factor (3) may not be used to enhance the appellant's sentences.

Additionally, the trial court applied enhancement factor (9), finding the appellant's vehicle to be a deadly weapon.  However, because the operation of a vehicle is a necessary element of vehicular homicide, see Tenn. Code Ann. § 39-13-213, enhancement factor (9) may not be used to enhance the appellant's sentences.  State v. Jimmy M. Millican, No. M2000-02298-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 75, at *24 (Nashville, Jan. 31, 2002); perm. to appeal denied, (Tenn. 2002).  Nonetheless, we note that the trial court afforded this factor no weight.

The appellant also challenges the trial court's imposition of consecutive sentences. Under Tennessee Code Annotated section 40-35-115 (1997), a trial court may order a defendant to serve consecutive sentences if the defendant is convicted of more than one offense and the trial court finds by a preponderance of the evidence that:

> (1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
> (2) [t]he defendant is an offender whose record of criminal activity is extensive;
> (3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
> (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and

the extent of the residual, physical and mental damage to the victim or victims;

(6) [t]he defendant is sentenced for an offense committed while on probation; or

(7) [t]he defendant is sentenced for criminal contempt.

Regarding consecutive sentencing, the trial court stated, "The State urges [Tennessee Code Annotated section 40-35-115(b)(4)] which is the [appellant] is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human is high. The [trial court] . . . in considering the enhancing factors, find[s] sufficient proof to sentence consecutively." However, in State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995), our supreme court held that satisfying Tennessee Code Annotated section 40-35-115(b)(4), by itself, was not sufficient to sustain consecutive sentences. If the defendant is found to be a dangerous offender under the statute, the trial court must also determine whether the sentences imposed are reasonably related to the severity of the offenses and necessary to protect the public from further criminal activity by the defendant, the "Wilkerson factors." Id. Moreover, trial courts must make specific findings regarding these factors before imposing consecutive sentences. State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). In the instant case, there is no evidence in the record that the trial court considered the Wilkerson factors before ordering consecutive sentencing.

Because the trial court misapplied enhancement factors (3), (9), (10), and (16) and failed to make specific findings regarding the Wilkerson factors before imposing consecutive sentences, we remand this case to the trial court for a new sentencing hearing.

### III. Conclusion

For the foregoing reasons, we affirm the appellant's convictions for vehicular homicide, but remand to the trial court for a new sentencing hearing consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE