IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2005

## STATE OF TENNESSEE v. BRANDON JEROME JOHNSON

**Appeal from the Criminal Court for Sullivan County**
**No. S48083     Allen W. Wallace, Judge, Sitting by Designation**

---

**No. E2005-00392-CCA-R3-CD - Filed December 15, 2005**

---

The Appellant, Brandon Jerome Johnson, appeals the sentencing decision of the Sullivan County Criminal Court. Johnson pled guilty to possession of less than .5 grams of cocaine for sale or delivery, tampering with evidence, vandalism, and resisting arrest. Pursuant to the plea agreement, he was sentenced as a Range I standard offender to an effective sentence of four years and six months in the Department of Correction. On appeal, Johnson argues that the trial court erred by denying his request for alternative sentencing. After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA McGEE OGLE, JJ., joined.

Terry L. Jordan, Assistant Public Defender, for the Appellant, Brandon Jerome Johnson.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

In September of 2003, a Sullivan County grand jury returned a four-count indictment against the Appellant charging him with possession of over .5 grams of cocaine for resale, tampering with evidence, vandalism, and resisting arrest. The Appellant entered guilty pleas to possession of less than .5 grams of cocaine for sale or delivery, a Class C felony; tampering with evidence, a Class C felony; vandalism, a Class A misdemeanor; and resisting arrest, a Class B misdemeanor. The terms of the plea agreement provided that the Appellant would plead guilty as a Range I offender and receive sentences of four years, six months for each of the felonies, eleven months twenty-nine days

for vandalism, and six months for resisting arrest, to be served concurrently for an effective sentence of four years and six months. At the guilty plea hearing, the State summarized the facts underlying the convictions as follows:

On February 20th of 2003, at approximately one o'clock in the morning, several officers with the Community Police Division of the Kingsport Police Department decided to do a walk through of the neighborhood in Riverview around the Elks Lodge due to the high level of street narcotics activity that was occurring there. The officers divided up, and the two officers, that included Steve Summey, walked through a tunnel that brought them into the Riverview Community next to the Elks Lodge. As they walked through the tunnel, they heard somebody immediately scream out '5-0,' which is a common street term referring to police, and upon someone yelling, '5-0,' they noticed that [the Appellant], along with two other individuals, began to walk directly away from them at a very fast pace. The officers did not yell out to [the Appellant] or attempt to stop them, but simply alerted other officers by radio that [the Appellant] and his two companions were headed in their direction. . . . Officer Crawford asked [the Appellant's] companion if they could search him, and his companion agreed to a search, and in the process of searching the companion, they found a small amount of marijuana and paraphernalia on the companion. At that point in time, they asked [the Appellant] if they could search him, and [the Appellant] agreed, and they found that Mr. Johnson was in possession of Two Hundred and Forty Dollars ($240.00), which was broken up to, for the most part, Twenties, Twenty Dollar ($20.00) bills, which is a commonly found denomination for street narcotics. In the course of speaking to [the Appellant], they asked him where they [sic] money had come from and [the Appellant] indicated from mowing. The officers, knowing that this being in February was suspicious, and they continued to speak to him, and as they spoke with him, the officers picked up that [the Appellant's] speech was muffled, as if he had something in his mouth. The officers, through their experiences, were well aware of the fact that often times cocaine and other drugs were kept in individuals' mouths, so that they can easily get rid of them, and at that point in time, one of the officers asked if he could see if [the Appellant] had anything in his mouth. [The Appellant] immediately started chewing as hard as he could, and at that point in time, the officers felt that [the Appellant] was attempting to destroy evidence and started to struggle with [the Appellant]. In the course of struggling with him, they were able to extract from [the Appellant's] mouth, a plastic bag that contained numerous white rocks, that would be consistent with the distribution of cocaine. This bag and its contents were sent to the T.B.I. Lab, where they found, or where a chemist with the T.B.I. Laboratory confirmed that 1.3 grams of crack cocaine or cocaine-based was present in that plastic bag. In the course of attempting to arrest [the Appellant] did use force and attempt to keep the officers from handcuffing him, and in the course of struggle with [the Appellant], Sergeant Crawford's personal property was damaged.

Following a sentencing hearing, the trial court denied the Appellant's request for alternative sentencing. This appeal follows.

**Analysis**

On appeal, the Appellant raises the single issue of whether the trial court properly imposed sentences of confinement. He contends that the trial court erred in finding a need for confinement based on either the seriousness of the offense or the need to deter others. When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the pre-sentence report, the principles of sentencing, argument of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* Tenn. Code Ann. § 40-35-210 (2003). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

In view of the Appellant's guilty pleas to Class C felonies as a Range I offender, it is undisputed that he is statutorily entitled to the presumption of an alternative sentence. Tenn. Code Ann. § 40-35-102(6) (2003). Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). "Conversely, the defendant has the burden of establishing his suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing." *Id.*

In order to deny any form of alternative sentencing and impose a sentence of total confinement, the trial court should base its decision on the considerations listed in Tennessee Code Annotated section 40-35-103(1):

> (A) Confinement is necessary to protect society by restraining [an appellant] who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the [appellant].

Tenn. Code Ann. § 40-35-103(1)(A-C) (2003); *see also Hooper*, 29 S.W.3d at 5. In this case, the trial court imposed a sentence of total confinement, concluding that the Appellant was less than candid to the court and that his primary source of income was from the sale of drugs.

The proof at the sentencing hearing established that the Appellant was twenty-four years old and the father of two children. Although he testified at the sentencing hearing that he had only been unemployed for the past nine months, the Appellant's pre-sentence report reveals only seven months of employment since high school. He was employed as a grill cook at McDonald's for two months and at Wendy's for five months. The Appellant admitted to the pre-sentence officer that he had sold drugs to support himself in the past. The trial court found that the Appellant "was not candid . . . about his employment" and inferred that he was "surviving peddling drugs."

With regard to prior criminal history, the pre-sentence report shows numerous convictions for traffic offenses in addition to convictions for aggravated criminal trespass and theft. The report also indicates that measures less restrictive than confinement have failed, as the Appellant has previously been granted probation for misdemeanor convictions on at least six occasions. Additionally, efforts at rehabilitation have failed as the Appellant's probation has previously been revoked. Also, three months after pleading guilty to the offenses in this case, the Appellant was arrested again for possession of cocaine on July 29, 2004. At the sentencing hearing, the Appellant admitted that he was in the possession of cocaine on this date; however, he stated that he was "stressed" at the time.

The proof at the sentencing hearing clearly rebuts the presumption that the Appellant is a favorable candidate for an alternative sentence. *See* Tenn. Code Ann. § 40-35-102(b). In view of the Appellant's history of criminal conduct and unlikelihood of rehabilitation, sentences of total confinement are authorized. *See* Tenn. Code Ann. § 40-35-103(1)(A) and (C).

## CONCLUSION

Based upon the foregoing, we affirm the Sullivan County Criminal Court's imposition of an effective four-year, six-month sentence of incarceration.

_____
DAVID G. HAYES, JUDGE

-4-