# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 1999 SESSION

FILED

July 1, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 01C01-9806-CR-00241 |
| | ) |
| | ) Davidson County |
| V. | ) |
| | ) Honorable Steve R. Dozier, Judge |
| | ) |
| **TERRENCE T. WIGGINS,** | ) (Attempted Voluntary Manslaughter; |
| | )  Reckless Endangerment) |
| Appellant. | ) |

FOR THE APPELLANT:

KARL DEAN
District Public Defender

JEFFREY A. DEVASHER
LAURA C. DYKES
Assistant Public Defenders
1202 Stahlman Building
Nashville, TN 37201

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

LUCIAN D. GEISE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. (TORRY) JOHNSON III
District Attorney General

MARIAN FORDYCE
MARY CAMPBELL
Assistant District Attorneys General
222 Second Avenue North, Suite 500
Nashville, TN 37201

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Terrence T. Wiggins, was convicted of attempt to commit voluntary manslaughter and felony reckless endangerment and sentenced to concurrent terms of seven and three years, respectively. The trial court then ordered split confinement with twenty-one months confinement and the balance on probation. On this appeal, the defendant argues that the trial court misapplied certain enhancement factors and that his sentences are, therefore, excessive. He further asserts that his confinement violates Tennessee Code Annotated § 40-35-306(a). We AFFIRM the judgment of the trial court.

## BACKGROUND

On April 4, 1996, Kevin Ezzell observed the defendant quarreling with Fatima Mattox, the defendant's former girlfriend, in a parking lot near Ezzell's workplace. Ezzell intervened, and the defendant pulled a handgun from his pocket and pointed it at Ezzell. When the defendant looked away for a moment, Ezzell punched him in the face and tried to subdue him. The defendant wrestled free and fired several shots at Ezzell. He then forced Mattox into his car and fled the parking lot.

Ezzell followed in his own car, attempting to get the defendant's license plate number. During the chase, the defendant reloaded and fired several more shots at Ezzell. Ezzell testified that the defendant also pointed the gun at Mattox and that she repeatedly opened the passenger-side door of the defendant's moving vehicle in apparent attempts to escape. Police officers ultimately joined the pursuit and apprehended the defendant when he turned onto a dead-end street.

The defendant was indicted on twelve counts, ranging from attempted second degree murder to failure to possess a driver's license. Four counts were dismissed before trial, and the trial court granted judgment of acquittal on five

additional counts following the state's proof at trial. The remaining three counts--attempted second degree murder and two counts of reckless endangerment--were submitted to the jury. The jury returned guilty verdicts on both counts of reckless endangerment and found the defendant guilty of attempted voluntary manslaughter on the attempt charge. The trial court subsequently granted the defendant's motion for arrest of judgment on one of the reckless endangerment counts, thus leaving convictions of one count each attempted voluntary manslaughter and reckless endangerment.

At the defendant's sentencing hearing, the trial court found five enhancement factors applicable to both offenses:

> The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1);
>
> The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, Tenn. Code Ann. § 40-35-114(8);
>
> The defendant possessed or employed a firearm . . . during the commission of the offense, Tenn. Code Ann. § 40-35-114(9);
>
> The defendant had no hesitation about committing a crime when the risk to human life was high, Tenn. Code Ann. § 40-35-114(10);
>
> The crime was committed under circumstance under which the potential for bodily injury to a victim was great, Tenn. Code Ann. § 40-35-114(16).

Partially offsetting these enhancements, the trial court found as mitigating factors that the defendant had acted under strong provocation, see Tenn. Code Ann. § 40-35-113(2), and that the defendant had avoided trouble during the eleven months immediately prior to his sentencing hearing. Based on these findings, the trial court imposed a mid-range sentence of three years on the reckless endangerment count and a sentence of seven years on the attempt count.[1] The

---

[1] Based on his convictions of two prior felonies, the trial court found the defendant to be a range II offender. Attempted voluntary manslaughter is a Class D felony, carrying a range II sentence of four to eight years. See Tenn. Code Ann. §§ 39-12-101; 39-12-107(a); 39-13-211; 40-35-112(b). Reckless endangerment committed with a deadly weapon is a Class E felony, with a range II sentence of two to four years. See Tenn. Code Ann. §§ 39-13-103(b); 40-35-112(b)(5). The presumptive sentence for a Class D or E felony is the minimum sentence in the range, absent enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c).

court ordered these sentences to run concurrently and to be probated except for a period, in addition to time served, of six months day-for-day confinement.

The defendant contests the imposed six-month period of confinement. He further argues that his sentences are excessive due to misapplication of enhancement factors (10) and (16) as to both offenses and misapplication of factor (9) as to the reckless endangerment count. The defendant does not challenge the applicability of enhancement factor (1) or (8) as to either offense or of factor (9) as to the attempt conviction.

## STANDARD OF REVIEW

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appellant carries the burden of showing that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

## ANALYSIS

The defendant argues that the trial court erroneously applied enhancement factor (9) to his conviction of felony reckless endangerment. We agree. Use of a deadly weapon is an essential element of felony reckless endangerment. See Tenn. Code Ann. § 39-13-103(b). As such, enhancement factor (9) is inapplicable to that offense.

-4-

Similarly, the defendant argues that factors (10) and (16) are essential elements of both attempted voluntary manslaughter and reckless endangerment and, therefore, could not properly enhance either offense. The trial court recognized that these factors are inherent in both of the defendant's convicted offenses but nevertheless applied both factors based upon risk to others--specifically, risk to other drivers and bystanders in the vicinity of the car chase and gunshots. Each member of this panel agrees that the trial court properly applied enhancement factor (10) to the facts of this case. However, the defendant's argument as to the application of factor (16) raises an issue as to which this Court is divided.

My learned colleagues would hold that the trial court correctly applied enhancement factor (16) to the facts of this case consistent with the holding of State v. Sims, 909 S.W.2d 46 (Tenn. Crim. App. 1995). Sims holds that both factors (10) and (16) may be applied in situations where individuals other than the victim are in the area and are subject to injury. See id. at 50. I, on the other hand, would differ and hold that the trial court incorrectly applied enhancement factor (16) to the facts of this case consistent with the holdings of State v. Bingham, 910 S.W.2d 448 (Tenn. Crim. App. 1995). Bingham holds that enhancement factor (16) may not be applied to a conviction for vehicular homicide by recklessness. See id. at 452; see also State v. Charles Justin Osborne, No. 01C01-9806-CC-00246 (Tenn. Crim. App. Filed, May 12, 1999, at Nashville). I am in the minority on this panel when I conclude that factor (16) is inapplicable to the defendant's convictions based on risk to persons other than a victim of the convicted offenses. This conclusion notwithstanding, I would not require alteration of the defendant's sentences.

For these reasons, this panel concludes that the trial court's application of enhancement factor (9) was erroneous as to the defendant's reckless endangerment conviction. A majority of this panel concludes that enhancement

factors (10) and (16) are properly applied to both offenses. These conclusions, however, do not require alteration of the defendant's sentences. Five enhancement factors remain on the attempt count and four enhancement factors remain on the reckless endangerment count. The trial court did not indicate the weight accorded to the various sentencing factors. This panel finds that enhancement factors (1), (8), and (10) are each entitled to significant weight on the facts of this case--more than sufficient to warrant maximum sentences on both counts. In contrast, the mitigating factors allowed by the trial court are slight. The imposed sentences are appropriate.

Finally, the appellant asserts that, considering his presentence jail credit, the imposed period of confinement was greater that one year and, therefore, violative of Tennessee Code Annotated § 40-35-306(a). Due to unusual delays, the defendant had served four hundred and thirty-two days confinement and was released prior to sentencing. At his sentencing hearing, the trial court ordered that the defendant serve an additional six months day-for-day confinement. Thus, the defendant's effective period of confinement was approximately twenty-one months, all of which the defendant completed prior to this appeal. Because the defendant has served his entire period of confinement and there exists no remedy for the alleged error, we find this issue moot.

## CONCLUSION

The judgment of the trial court is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

-6-

CONCUR:

-7-

_____
DAVID H. WELLES, Judge



_____
JOE G. RILEY, Judge