# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 9, 2014

## STATE OF TENNESSEE v. TIANNA M. AMYX

**Appeal from the Circuit Court for Sullivan County**
**No. S61343     R. Jerry Beck, Judge**

**No. E2014-00820-CCA-R3-CD - Filed January 23, 2015**

The defendant, Tianna M. Amyx, pled guilty to aggravated burglary, a Class C felony, and theft over $500, a Class E felony, and was sentenced as a Range I, standard offender to concurrent terms of four years and two years, respectively, with the manner of service to be determined by the trial court. On appeal, she argues that the trial court erred in denying alternative sentencing. After review, we affirm the sentencing decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Jordan C. Pennington, Bristol, Virginia, for the appellant, Tianna M. Amyx.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Barry P. Staubus, District Attorney General; and Emily M. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

At the guilty plea hearing, the prosecutor recited the evidence the State would have presented had the case proceeded to trial:

> The State's proof, had this case gone to trial, would be that on June 7th, 2012, Detective Martin Taylor of the Kingsport Police Department responded to 1040 Fairway Avenue in Kingsport in regards to a residential burglary. Upon arrival at the location Patrolman Kenneth Jackson stated that the victim,

Ariana Villegas, stated that persons unknown had entered her residence between the hours of 2:30 p.m. and 3:30 p.m. that day by forcing open a side window. Once inside, the suspects removed a 55" Sanyo flat screen TV from the living room and exited through the rear door of the residence.

Detective Taylor was able to locate two witnesses who stated that they personally observed the stolen TV inside [the defendant's] residence which is . . . directly next door to the victim.

One witness further stated that a light-skinned black female stated she had hurt her hand while breaking into the residence. That person was later determined to be Harley Sledge, the co-defendant.

On June 14th, 2012, Detective Taylor interviewed [the defendant] at the Kingsport Police Department regarding the incident. After being informed of her Miranda warning, [the defendant] waived her rights and gave a statement involving her involvement in the burglary and theft of the television. She stated that she and a friend had entered the house, taken the items, and sold the TV to a person named Paul Hunley in Church Hill.

Mr. Hunley confirmed he had purchased the TV, and th[e] television was recovered.

At the April 15, 2014 alternative sentencing hearing, the defendant testified that she and the co-defendant broke into the victim's home because the victim had broken into her home on a prior occasion. The defendant explained that she committed the crimes because she was "stressed out and ended up doing pills for the first time in my life. And [the co-defendant] . . . just asked me to do it. And me being on the pills and in the wrong state of mind, I done it. And we . . . did do it together." She admitted that she took the victim's television. She acknowledged that her arrest on these charges resulted in a violation of her probation, for which she served ninety days. She also acknowledged that she had violated her probation by failing a drug test. The defendant said she had been receiving disability benefits since the age of five or six for "ADHD-ADD. I'm bipolar, schizophrenic, several different things." However, she was not taking any medication for these conditions.

On cross-examination, the defendant reiterated that the first time she "did do a pill" was "back when this started two years ago." She acknowledged that the pill she took was Subutex.

The defendant's presentence report and copies of two certified judgments entered on May 8, 2012, were admitted as exhibits at the hearing. The defendant had prior convictions for assault and attempted aggravated assault, for which she was on probation at the time she committed the offenses in the present case. She also had violated her probation by testing positive for marijuana and by failing to pay restitution. The presentence report included the following statement from the defendant's misdemeanor probation officer: "She really isn't a good candidate for probation, she doesn't do anything she is asked."

At the conclusion of the hearing, the trial court denied alternative sentencing, including community corrections.

## ANALYSIS

The defendant argues that the trial court erred in denying alternative sentencing in view of State v. Kristopher Blake Kincer, No. E2013-01740-CCA-R3-CD, 2014 WL 1396675 (Tenn. Crim. App. Apr. 9, 2014).[1] The State counters that the court considered the defendant's prior performance in light of Kincer, to the extent that it applied.

Under the 2005 amendments to the sentencing act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf

---

[1]This court's opinion was subsequently withdrawn and replaced with State v. Kristopher Blake Kincer, No. E2013-01740-CCA-R3-CD, 2014 WL 2553429 (Tenn. Crim. App. June 2, 2014).

about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Id. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527.

In determining if incarceration is appropriate in a given case, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

The trial court imposed an effective sentence of four years. With regard to the manner of service of the sentence, the court determined:

> The Court . . . has made several observations, quoted from the presentence report on both sides. [The] Court . . . would adopt all those as findings of the Court. The Court finds that the unfavorable factors heavily outweigh any potential favorable factor.
>
> . . . .
>
> . . . [I]n this case the [d]efendant in the presentence report did not indicate drug problems. In her testimony she said she had taken some drugs before, Subutex. I don't think that could draw the Court to the suggestion that she receive Community Corrections based on her prior record and the fact she was on probation at the time these offenses occurred out of the criminal court for Sullivan County.
>
> She has a – although only age 23 at the time of the preparation of the presentence report, she was 21 at the time these offenses occurred.
>
> . . . .
>
> But based upon all the proof I've – considering the Court's opinion the unfavorable factors heavily outweigh any favorable factors to the granting of probation or alternative sentencing of any kind, including Community Corrections, and particularly in this case, the [d]efendant does not attribute her

crimes to using drugs. . . .

But I guess we may be hearing about <u>Kincer</u> in the future. Maybe not in this case, but it is considered, at least on the criminal court of appeals level, to be a significant case by defense lawyers and by D.A.'s, I guess. . . . [A]t this point it's not published in the South Western [Reporter].

Anyway, I'm going to deny probation, all kinds and forms, including Community Corrections. Defendant will be required to serve her sentence.

The proof showed that approximately one month after being placed on probation for her attempted aggravated assault and assault convictions, the defendant committed the crimes in the present case. She additionally violated her probation by testing positive for marijuana and failing to pay restitution. These facts amply support the denial of alternative sentencing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE