IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs May 10, 2017

## STATE OF TENNESSEE v. TIMOTHY WAYMOND HENDERSON

**Appeal from the Circuit Court for Lincoln County**
**No. 2016-CR-85      Forest A. Durard, Jr., Judge**

_____

### No. M2016-02122-CCA-R3-CD

_____

The Defendant, Timothy Waymond Henderson, pled guilty to sale of less than .5 grams of cocaine and to delivery of less than .5 grams of cocaine, Class C felonies, with the sentencing to be left to the trial court's later determination. The trial court merged the convictions and sentenced the Defendant as a Range II, multiple offender to ten years in the Department of Correction, to be served consecutively to any unexpired sentences. On appeal, the Defendant argues that the trial court imposed an excessive sentence and erred in denying alternative sentencing. Following our review, we affirm the sentencing determinations of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Donna Orr Hargrove, District Public Defender; and William J. Harold, Assistant Public Defender, for the appellant, Timothy Waymond Henderson.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Robert J. Carter, District Attorney General; and Ann Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

At the August 2, 2016 guilty plea hearing, the State recited the facts it would have presented had the case proceeded to trial:

> [O]n 10-22-2015 Investigator Jubal Ragsdale and Mike Pitts with the Lincoln County Sheriff's Department along with Special Agent Ryan Dalton with the [Tennessee Bureau of Investigation] met with a confidential informant [CI] at a predetermined location.
>
> On arrival the CI and the residence were searched by law enforcement for contraband. Both of those searches were negative for any results. The CI was equipped with an audio/video recording device and given $200 in confidential funds for purchase of [an] 8 ball of crack cocaine from the [D]efendant.
>
> Deputies left the CI at that location.
>
> A little bit later the [D]efendant arrived at that predetermined location where he entered the residence, handed the CI a white rock substance and the CI in return gave the [D]efendant $200.
>
> . . . [T]he [D]efendant then left that location. Deputies arrived back. Upon entering that location, the CI showed the deputies that substance, what appeared to be crack cocaine. That was collected into evidence.
>
> The recording device was removed from the CI, and the CI and the residence again were searched for contraband and both of those searches were negative.

At the subsequent sentencing hearing on September 20, 2016, Jenna Miller with the Tennessee Board of Probation and Parole testified that she prepared the Defendant's presentence report, as well as an addendum, which were admitted as exhibits. She said that the Defendant had three prior felony convictions and numerous misdemeanor convictions and violations of probation. The Defendant reported that he used marijuana weekly and cocaine daily until his incarceration in this case. Ms. Miller's investigation revealed that the forty-five-year-old Defendant had only worked for two years and one month during the previous ten years. Further, the Defendant admitted that he was approximately $13,500 in arrears with child support.

-2-

Mary Simms, the Administrator for the Child Support Office in the Seventeenth Judicial District, testified that as of August 31, 2016, the Defendant owed $13,863.64 in child support arrearage and had not made any payments since October 13, 2015.

At the conclusion of the hearing, the trial court sentenced the Defendant to ten years, the maximum in his range, and denied alternative sentencing.

## ANALYSIS

The defendant argues that the trial court erred by enhancing his sentence beyond the minimum in his range and by denying alternative sentencing. The State responds that the trial court properly imposed a within-range sentence after consideration of the evidence and the sentencing principles and that alternative sentencing was not appropriate in light of the Defendant's past criminal history and failure at rehabilitative efforts. We agree with the State.

Under the 2005 amendments to the Sentencing Act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2014).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Id. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527.

In determining if incarceration is appropriate in a given case, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

In determining the length of the Defendant's sentence, the trial court applied two enhancement factors: the Defendant had a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and the Defendant, before trial or sentencing, had failed to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(1), (8). The trial court found one mitigating factor, the Defendant's criminal conduct neither caused nor threatened serious bodily injury, but did not afford it "a whole lot of weight." Id. § 40-35-113(1). Accordingly, the trial court sentenced the Defendant to ten years, the maximum in his range. Id. § 40-35-112(b)(3).

The record reflects that the trial court properly considered the enhancement and mitigating factors, imposed a sentence within the applicable range for the Defendant's Class C felony offense, and made the requisite findings in support of its ruling. Referring to the presentence report, the trial court noted the Defendant's past probation violations and stated: "If past practice is indicative of future performance, [the Defendant] has just not done well every time he has gotten out on alternative sentencing." As the trial court observed, the Defendant has shown many times that he is unable to successfully complete a sentence involving probation or other forms of release into the community. Accordingly, we affirm the sentencing determinations of the trial court.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-5-